IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LATOYA NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:20-cv-152 |
| | ) |
| GLOVIS ALABAMA, LLC. d/b/a | ) |
| HYUNDAI GLOVIS, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Latoya Nelson ("Ms. Nelson" or "Plaintiff"), by and through her undersigned counsel of record, and files this Complaint against the Defendant, GLOVIS ALABAMA, LLC d/b/a HYUNDAI GLOVIS ("GLOVIS" or "Defendant"). As grounds for this Complaint, Plaintiff states the following:

### JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by the Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq.*, as amended by the "Civil Rights Act of 1991," ("Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

1

3. The venue of this action is properly placed in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 because Plaintiff's claims accrued in Montgomery County, Alabama.

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), on or about April 3, 2019, with the assistance of counsel no longer involved in this matter. (See Exhibit "A"). Charge No. 420-2019-01781 (the "First Charge") alleged that Plaintiff was being subjected to a sexually hostile work environment and retaliation for opposing conduct made unlawful by Title VII.

5. Plaintiff amended the First Charge (the "Amended First Charge") one (1) week later, on or about April 8, 2019, after being terminated for filing the First Charge and making other, internal reports of sexual harassment. (See Exhibit "B").

6. On or about July 31, 2019, out of abundance of caution, the undersigned, Plaintiff's recently retained counsel, filed a Charge of Discrimination with the EEOC. (See Exhibit "C"). Charge No. 420-2019-03080 (the "Second Charge") was filed to ensure that all of Plaintiff's claims were properly before the EEOC, and that Plaintiff was taking all steps necessary to ensure that her claims administratively exhausted prior to filing this suit.

7. The EEOC issued a Dismissal and Notice of Rights (the "RTS Notice") for both the First and Second Charges on December 4, 2019.

8. The undersigned, on behalf of Plaintiff, received the RTS Notices for Charges 420-2019-01781 and 420-2019-03080 on December 5, 2019. (See Exhibit "D and "E").

9. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the RTS Notices.

10. Plaintiff has thus exhausted all administrative remedies available prior to filing this Complaint.

## PARTIES

11. Plaintiff is a citizen of the United States of America, who currently resides in Montgomery County, Alabama.

12. Plaintiff is over the age of nineteen (19) years.

13. GLOVIS is an "employer" pursuant to Title VII, located in Montgomery County, Alabama, whose principal address is 300 Hyundai Boulevard, Montgomery, Alabama 36105.

14. Defendant was Plaintiff's employer at all times relevant to this Complaint.

## FACTUAL ALLEGATIONS

15. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fourteen (14) above with the same force and effect as if fully set out in specific detail herein below.

16. Plaintiff is a woman.

17. In or around May 2006, Defendant hired Plaintiff. At the time of her termination, Plaintiff worked the night shift as the Team Leader in Defendant's Trim Warehouse.

18. During several periods in 2018, Mr. Kelvin Cunningham ("Mr. Cunningham"), a management level employee and one of Plaintiff's coworkers, persistently and egregiously sexually harassed and sexually assaulted Plaintiff.

19. For example, Mr. Cunningham grabbed Plaintiff's breasts, placed his hand between Plaintiff's legs, and made numerous sexually charged comments about and to Plaintiff.

20. On March 6, 2019, Mr. Cunningham told Plaintiff that he "had a new vibrator" and that Plaintiff should "let him try it on [her]."

21. Disgusted and demeaned by Mr. Cunningham's request, Plaintiff reported the incident to her Supervisor, Mr. Alfonso Baker ("Mr. Baker").

22. Mr. Baker instructed Plaintiff to report the harassment to her manager, Ms. Lakeisha Oden ("Ms. Oden").

23. Ms. Oden instructed Plaintiff to prepare and submit a statement to Human Resources.

24. On March 6, 2019, and prior to filing the First Charge, Plaintiff prepared and submitted "[t]o the Department of Human Resources" a handwritten statement regarding the sexual harassment.

4

25. Therein, Plaintiff alleges that she believes she has been "sexually harassed by a[] Hyundai upper management" employee, and that that manager was "Mr. Kelvin Cunningham."

26. Plaintiff's statement goes on to provide that Mr. Cunningham has "said some uncomfortable things" and that he has touched Plaintiff inappropriately, as described above.

27. Plaintiff reported that Mr. Cunningham stated to her that he "ha[d] a new vibrator" and that Plaintiff should "let him try it on [her]."

28. The following day, March 7, 2019, at Ms. Oden's direction, Plaintiff communicated with Human Resources Manager, Ms. Barbara Williams ("Ms. Williams"), about the harassment.

29. Plaintiff was not scheduled to work March 7, 2019 through March 10, 2019.

30. On March 12, 2019, Plaintiff contracted influenza, and was held out of work by her doctor through March 20, 2019.

31. Plaintiff returned to work on March 20, 2019, and worked her entire shift.

32. The following day, March 21, 2019, Ms. Oden instructed Plaintiff to see Ms. Williams before leaving for the day.

33. Upon doing so, Ms. Williams advised Plaintiff that she was suspended without further notice. Ms. Williams did not indicate a reason for Plaintiff's suspension.

34. On March 28, 2019, Plaintiff contacted Ms. Williams and asked if she could return to work; Ms. Williams advised that she was "working on it."

35. On April 1, 2019, Plaintiff again contacted Ms. Williams about returning to work. Ms. Williams told Plaintiff that she "may have too many points to return to work."

36. On April 3, 2019, Plaintiff filed the First Charge, attaching as an exhibit a signed copy of the March 6, 2019 statement submitted to Defendant's Human Resources Department.

37. The same day, Plaintiff placed Defendant's Human Resources Manager, Ms. Williams, on notice of the First Charge having been filed.

38. One day later, on April 4, 2019, Defendant dispatched a termination letter to Plaintiff.

39. Although the letter was not placed in the mail until **after Defendant learned of Plaintiff's First Charge, the letter was dated for April 1, 2019**.

40. Defendant's stated reason for terminating Plaintiff's employment was that, "[a]fter carefully investigating [Plaintiff's] attendance issue[,] the conclusion is that [Plaintiff] accumulated 10 points[,] which exceeds Glovis Alabama's policy on maximum level of points."

41. The termination letter also provides that Plaintiff's termination "is effective as of 3/28/19".

42. Defendant retaliated against Plaintiff for opposing conduct made unlawful by Title VII, when it terminated her nearly immediately after she reported sexual harassment to her employer and filed an EEOC Charge regarding the same.

6

## COUNT I: SEXUAL HARASSMENT

43. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-two (42) above with the same force and effect as if fully set out in specific detail herein below.

44. Plaintiff is a woman.

45. Plaintiff was and remains qualified to perform the duties as the Team Leader in Defendant's Trim Warehouse.

46. Defendant's management level employee, Mr. Cunningham, sexually harassed and assaulted Plaintiff through his words and actions in 2018 and 2019.

47. Specifically, as described above, Mr. Cunningham forcefully touched Plaintiff's private parts, and made sexually charged comments that were harassing, demeaning, threatening, and hurtful.

48. Most recently, on March 6, 2019, Mr. Cunningham told Plaintiff he had a new vibrator, and that he wanted to use it on Plaintiff.

49. Such vile statements have no place in the workplace, and Plaintiff reported the same.

50. Mr. Cunningham's words and actions were severe and pervasive.

51. Mr. Cunningham's words and actions directed at Plaintiff were severe and pervasive to the point of altering Plaintiff's terms and conditions of employment.

52. In that regard, Plaintiff was forced to do all she could to avoid Mr. Cunningham so as to not be subjected to sexual harassment; the same interfered with her ability to properly execute her responsibilities.

53. Moreover, as Plaintiff reported to Defendant's Human Resources Department, she would "avoid walking by [Mr. Cunningham]... [b]ecause [she would] get sick [to] [her] stomach know[ing] what Mr. Cunningham might say...."

54. Less than one (1) month after Plaintiff reported the sexual harassment, Defendant terminated her employment.

55. As a result of Defendant's sexual harassment at the hands of Mr. Cunningham, Plaintiff has been deprived of income. The conduct described above also caused and causes Plaintiff severe emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II: RETALIATION

56. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty-five (55) above with the same force and effect as if fully set out in specific detail herein below.

57. Plaintiff is a woman.

58. Plaintiff was, and remains, qualified to perform the duties of the Team Leader in Defendant's Trim Warehouse.

59. Plaintiff engaged in protected activity prior to her termination on March 6, 2019, when she submitted a written complaint of sexual harassment to Defendant's Human Resources department.

60. Plaintiff again engaged in protected activity prior to her termination on April 3, 2019, when she filed the First Charge with the EEOC, contemporaneously submitting a copy of the same to Defendant's Human Resources Manager, Ms. Williams.

8

61. Two (2) days later, Plaintiff received a certified letter from Defendant, informing her that she had been terminated for accumulating too many attendance points.

62. To make it appear that the letter predated Defendant's receipt of Plaintiff's First Charge, Ms. Williams dated the termination letter April 1, 2019.

63. However, the envelope in which Defendant sent the letter shows that it was not placed in the mail until April 4, 2019, one day after Plaintiff submitted the First Charge to Defendant and the EEOC.

64. Defendant terminated Plaintiff's employment because she opposed conduct made unlawful by Title VII.

65. As a result of Defendant's retaliation, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

WHEREFORE premises considered, Plaintiff demands judgment against the Defendant for wage damages, compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

Joshua A. Wrady (ASB-9617-J68W)
*Attorney for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Tel:   (205) 980-5704
Fax:   (205) 994-2819


**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

GLOVIS ALABAMA, LLC
d/b/a Hyundai Glovis
c/o CSC LAWYERS INCORPORATING SVC INC.
150 South Perry Street
Montgomery, AL  36104